IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT JOHN SHREVE, | : | CIVIL ACTION NO. **1:CV-12-2128** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| AMY S. MINIUM, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On October 24, 2012, Plaintiff, Brett John Shreve, an inmate presently confined at the Cumberland County Prison ("CCP"), Carlisle, Pennsylvania, filed, *pro se*, another civil rights action, pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Plaintiff's Complaint consists of a form 5-page civil rights Complaint with 4 attached handwritten pages containing his statement of claims.

In addition to his Complaint, Plaintiff filed two Motions for leave to proceed *in forma pauperis* on March 15, 2012. (Docs. 5 & 6). This Court has jurisdiction over Plaintiff's §1983 civil rights action pursuant to 28 U.S.C. § 1343(a) and § 1331.

We now screen Plaintiff's Complaint (Doc. 1) as we are obliged to do. *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).

---

[1]Plaintiff Shreve has filed two previous civil actions with this Court, namely, Civil No. 12-31, M.D. Pa., and Civil No. 12-935, M.D. Pa.

## II. Allegations of Complaint.

Plaintiff asserts several constitutional claims, in part, pertaining to his recent transfer from Dauphin County Prison to CCP on September 12, 2012, by his Cumberland County Probation Officer, Defendant Amy S. Minium, on a probation violation detainer and pertaining to his probation revocation hearing and sentence. By way of background, Plaintiff indicates that on December 18, 2011, he was arrested by Harrisburg police on new criminal charges while he was on probation and parole with respect to a prior criminal case he had in the Cumberland County Court of Common Pleas.[2] After his December 18, 2011 arrest, Plaintiff was confined in the Dauphin County Prison ("DCP"). Plaintiff states that when the new Harrisburg criminal charges were filed against him, Defendant Minium lodged a probation violation detainer against him when he was confined in DCP. Plaintiff states that on September 10, 2012, he appeared before Judge Dowling of the Dauphin County Court of Common Pleas for sentencing with respect to the new Harrisburg charges, and that he received a time-served prison sentence and immediate parole. (Doc 1, p. 5). However, Plaintiff states that he was not released from DCP on parole, and that on September 12, 2012, Defendant Minium transported him from DCP to CCP on the probation violation detainer she had lodged against him.

Plaintiff states that his due process rights under the U.S. Constitution and his rights Pennsylvania law were violated with respect to the probation violation detainer filed against him

---

[2]Plaintiff states that the December 18, 2011, Harrisburg arrest and charges were the subject of one of his previously filed civil actions with this Court, namely, Civil No. 12-31, M.D. Pa. Plaintiff states that he later moved to voluntarily dismiss his Civil No. 12-31case and this Court granted his motion on October 17, 2012. (Doc. 1, p. 5).

2

by Defendant Minium on December 18, 2011, after he was arrested by Harrisburg police. Plaintiff states that he was not properly served with a copy of the detainer and, that he was not timely brought before the Cumberland County sentencing judge, who had imposed the sentence for which he was on probation, within 14 days for a detention hearing and within 30 days of the new criminal charges filed against him for a revocation hearing as required under Pennsylvania law. Plaintiff also states that his request for a copy of the detainer was denied by the Harrisburg police officers who had arrested him on December 18, 2011. Thereafter, Plaintiff states that Defendant Minium never served any probation violation papers on him. Thus, Plaintiff claims that Defendant Minium violated his due process rights. (*Id*.).

Plaintiff indicates that he had revocation hearing on September 19, 2012, in the Cumberland County Court of Common Pleas before Defendant Judge Christine L. Peck. Plaintiff contends that Defendant Minium failed to timely bring him before Cumberland County Judge Peck for a revocation hearing as required by Pennsylvania law within 30 days of the new Harrisburg charges. Plaintiffs also alleges that Defendant Minium as well as Defendant Cumberland County Court Judge Peck and Defendant Cumberland County Assistant District Attorney Daniel J. Sodus knew that the probation revocation procedures required under Pennsylvania law were violated and that this prevented him from defending himself regarding the probation violation detainer and revocation hearing, *i.e.*, a "Gagnon II hearing."[3] (Doc. 1, pp. 5-6). Plaintiff also avers that Defendant Minium pressed him to admit his guilt at the revocation hearing so that he would have

---

[3] *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756 (1973)(court held that "a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in *Morrissey v. Brewer* [408 U.S. 471, 92 S.Ct. 2593 (1972)].").

to serve a period of confinement at CCP. (*Id.*, p. 7). Plaintiff alleges that he was advised to waive his rights to a revocation hearing, to confront the witnesses, to a speedy trial and to an attorney even though Defendant Minium knew that he had a mental health issue. (*Id.*, p. 8). Thus, Plaintiff claims that his due process rights were violated at his September 19, 2012 probation revocation hearing and that he was denied his Sixth Amendment right to counsel at the hearing. Plaintiff also states that under Pennsylvania law, he was entitled to receive a sentence of "time credit" by Judge Peck of the Cumberland County Court with respect to the probation violation charge and his guilty plea instead of a period of incarceration. (*Id.*, p. 7). Plaintiff claims that Judge Peck's prison sentence on the probation violation charge to which he pled guilty was illegal under Pennsylvania law and that it violated his Eighth Amendment rights.

As such, Plaintiff claims that he is currently being falsely imprisoned at CCP by Defendants, that his confinement is unlawful, and that his sentence to a period of incarceration by Defendant Cumberland County Court Judge Peck with respect to the probation violation charge is unlawful and in violation of the Eighth Amendment's proscription against cruel and unusual punishment. (*Id.*).

As relief, Plaintiff seeks, in part, for this Court to release him from confinement in CCP, to discharge the probation violation prison sentence imposed on him by Judge Peck on September 19, 2012, and to forgive him from the remaining time, *i.e.,* until March 2013, he must serve under the supervision of the Cumberland County Probation and Parole Office. Plaintiff also requests compensatory damages for everyday he alleges that he has been falsely imprisoned in CCP. (*Id.*, p. 10). Plaintiff does not state if that he sues the three Cumberland County Defendants in their

individual and/or official capacities. However, Plaintiff can only seek monetary damages from the state actor Defendants in their individual capacities.[4]

## III. PLRA.

The Prison Litigation Reform Act of 1995,[5] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[6] Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[4] As stated, Plaintiff indicates that he seeks money damages from each named Defendant, but he does not indicate if he sues Defendants in both their individual and/or official capacities. To the extent that Plaintiff seeks monetary damages from Defendants, he can only sue the state actor Defendants in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Thus, we will recommend that all of Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed with prejudice. We find futility of any amended pleading to sue Defendants for damages in their official capacities. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

[5] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[6] The Plaintiff completed two applications to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. The Court then issued an administrative order directing the warden to commence the withdrawal of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 5, 6, 7 and 8).

**IV. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[7] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown

---

[7]As stated, Plaintiff has named employees of Cumberland County as Defendants and thus they are state actors.

> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d at 588.

## V. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a

7

"plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

## VI. Discussion.

As mentioned, Plaintiff states, in part, that his due process rights were violated by Defendants with respect to the entire probation violation process, that he is presently being unlawfully confined in CCP and that his September 19, 2012 probation violation prison sentence is illegal. Also, as mentioned, Plaintiff requests this Court to release him from his alleged unlawful confinement in CCP, to discharge his September 19, 2012 probation violation prison sentence as well as to award him compensatory damages for every day that he has been falsely imprisoned. (*Id.*, p. 4).

We find that Plaintiff's claims that Defendants violated his constitutional rights with respect to his probation revocation hearing, his conviction and his sentence are barred under *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364 (1994). Plaintiff has not alleged that his very recent September 19, 2012 probation revocation conviction and his prison sentence were overturned on appeal or declared invalid. We find that Plaintiff Shreve's success on his instant §1983 action would "necessarily demonstrate" the invalidity of Defendants' respective decisions to file the probation

8

violation charge against him, to prosecute him for the revocation of his probation and to impose on him a probation revocation prison sentence. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Hess v. Chronister*, 247 Fed.Appx. 377, 380 (3d Cir. 2007). We find that if Plaintiff receives a favorable decision in this civil rights action, it would necessarily call into question the validity of Defendant Judge Peck's decision finding that Plaintiff violated his Cumberland County probation and Judge Peck's prison sentence which Plaintiff is currently serving. Thus, we find Plaintiff's present constitutional claims are *Heck* barred. *See Williams v. Consovoy*, 453 F.3d at 177; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S.Ct. 1242 (2005); *Wilson v. McVey*, 579 F.Supp.2d 685, 691 n. 7 (M.D. Pa. 2008)("The [*Heck* favorable termination rule] applies to criminal convictions and parole revocations alike, and inmates may not predicate a civil rights action upon the revocation of their parole if the action would impugn the validity of the revocation.")(citing *Williams v. Consovoy*, 453 F.3d at 177).

Therefore, since Defendant Judge Peck's decision finding that Plaintiff violated his Cumberland County probation and Judge Peck's prison sentence have not been rendered invalid, Plaintiff cannot challenge his probation revocation proceedings, conviction and sentence in the instant §1983 action since it is barred under *Heck*. *See Williams v. Consovoy*, 453 F.3d at 177; *see also Bierley v. Dombrowski*, 309 Fed.Appx. 594, 597 (3d Cir. 2009).

We also find that, to the extent Plaintiff is challenging the execution of his probation violation prison sentence and claims that his sentence is unlawful, and that his current confinement at CCP is illegal, his recourse is to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *Williams v. Consovoy*, 453 F.3d at 177 ("It's well-settled that when a state prisoner is challenging the

fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a §1983 action.")(citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973));  *Leamer v. Fauver*, 288 F. 3d 532, 540 (3d Cir. 2002).

>   The Third Circuit in *Leamer v. Fauver*, 288 F. 3d at 542, stated:
>
>> whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

Habeas relief is still available to Plaintiff with respect to his recent September 19, 2012 probation revocation prison sentence he is currently serving and his claims that he was denied his due process rights during the revocation process. *See Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593 (1972).  However, Plaintiff must first exhaust his state court remedies with respect to his recent September 19, 2012 probation revocation conviction and prison sentence before he files a §2254 habeas petition.  *See Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004).

As stated, to the extent that Plaintiff is challenging his September 19, 2012 probation revocation prison sentence imposed by the Cumberland County Court, is claiming that he is illegally detained in CCP on an unlawful sentence and, is claiming that he should be released from confinement and his sentence discharged, we find that he should file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  An inmate challenging the validity or execution of his state court sentence must file a habeas petition under § 2254. *See Williams v. Consovoy*, 453 F.3d at 177; *Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005)("A prisoner may seek federal habeas

relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a).").

Thus, an inmate must be in-custody for the particular conviction the habeas seeks to dispute. *Obado v. New Jersey*, 318 F.3d 716, 717 (3d Cir. 2007). As stated, it is clear that Plaintiff is presently serving his probation violation prison sentence in CCP imposed by Defendant Judge Peck of the Cumberland County Court on September 19, 2012.

In the present case, we find Plaintiff is challenging the execution of his county court probation violation sentence with respect to his claim that his constitutional rights were violated during the entire probation revocation process and that he was unlawfully sentenced to a prison term. As discussed, a § 2254 habeas petition is the proper vehicle for Plaintiff to raise a claim challenging his probation revocation conviction and sentence. The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973).

Moreover, we find that Defendant Judge Peck who presided over Plaintiff's Cumberland County probation violation hearing and imposed the September 19, 2012 prison sentence on Plaintiff is entitled to absolute judicial immunity with respect to Plaintiff 's damages claims. *See Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099 (1978); *see also Bierley v. Dombrowski*, 309 Fed.Appx. at 597.

We find that absolute judicial immunity protects Defendant Judge Peck from the instant suit in federal court because Plaintiff clearly sues her entirely for acts taken in her judicial capacity during Plaintiff's Cumberland County probation revocation case, including sentencing Plaintiff to

prison at CCP. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Clark v. Conahan*, 737 F.Supp. 2d 239, 255-56 (M.D. Pa. 2010); *Dougherty v. Snyder*, 2011 WL 1871226, *13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d 672, 696 W.D. Pa. 2009). Plaintiff's suit against Defendant Judge Peck seeks to address actions taken by her within her jurisdiction and within her official judicial capacity in her courtroom in Cumberland County. As such, Defendant Judge Peck is entitled to absolute judicial immunity.

> In *Clark*, 737 F.Supp. 2d at 256, the Court stated:
>
>> For judicial immunity to apply, only two requirements must be met: 1) jurisdiction over the dispute, and 2) a judicial act. *Id.* at *7. As to the first, a judge is not immune only when he has acted in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted). As to the second prong, judicial immunity extends only to "judicial acts," not administrative, executive, or legislative ones. *Id.* at 360–61, 98 S.Ct. 1099. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 356, 98 S.Ct. 1099 (citation omitted). The fact that the judge was incorrect about the status of jurisdiction or that there were procedural errors causing the judge to act without jurisdiction does not satisfy the requirements for defeating immunity. *Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 771 (3d Cir.2000). In determining whether an act is judicial, it is appropriate to consider 'the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge,' and 'the expectations of the parties, *i.e.,* whether they dealt with the judge in his official capacity.' " *Wallace,* 2009 WL 4051974, at *7 (quoting *Stump,* 435 U.S. at 362, 98 S.Ct. 1099). "Acts which are traditionally done by judges include issuing orders, resolving cases and controversies, making rulings, and sentencing criminal defendants. Other actions such as sending a fax, or hiring and firing subordinates, have been found to be administrative, rather than judicial, acts. Note, however, that even if an act is not judicial, there may be still be immunity if the act is legislative or executive in nature." *Id.*

We find that Defendant Judge Peck, who imposed the original Cumberland County sentence on Plaintiff and who presided over Plaintiff's September 19, 2012 probation revocation hearing, is entitled to absolute judicial immunity with respect to all of Plaintiff's damages claims against her

in her individual capacity. We find that Plaintiff's present claims against Defendant Judge Peck, as detailed above, relate to the performance of her judicial duties in handling the probation revocation court proceedings against Plaintiff, such as sentencing him to prison, and that these claims against this Judicial Defendant in her individual capacity are precluded by absolute judicial immunity. *See Stankowski*, 487 F. Supp. 2d 543; *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7 (M.D. Pa.); *Rush v. Wiseman*, 2010 WL 1705299, *7; *Clark*, 737 F.Supp. 2d at 256; *Dougherty v. Snyder*, 2011 WL 1871226, *13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d at 696; *Brookhart v. Rohr*, 385 Fed. Appx. 67, 70 (3d Cir. 2010)("judges are absolutely immunized from a suit for money damages arising from their judicial acts.")(citations omitted).

We find that Defendant ADA Sodus who prosecuted Plaintiff with respect to the probation violation charge and September 19, 2012 hearing is entitled to absolute prosecutorial immunity with respect to Plaintiff 's damages claims since all of his actions alleged in this case arose out of his official duties. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984 (1976); *see also Bierley v. Dombrowski*, 309 Fed.Appx. at 597.

Plaintiff's claims, insofar as they are deemed as seeking damages against Defendant ADA Sodus, should be dismissed because prosecutors enjoy absolute immunity when performing official duties during a criminal prosecution of a defendant. *See Sanders v. Downs*, 420 Fed.Appx. 175, 180 (3d Cir. 2011)(citation omitted). As such, a District Attorney is entitled prosecutorial immunity with respect to a Plaintiff's request for monetary damages if they are based on the District Attorney's performance of his official duties in prosecuting Plaintiff. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Radocesky v. Munley*, 247 Fed.

Appx. 363, 365 (3d Cir. 2007)("The decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages.")(citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

In *Light v. Haws*, 472 F. 3d 74, 77-78 (3d Cir. 2007), the Third Circuit stated:

> "Most public officials are entitled only to qualified immunity" from Section 1983 actions. *Yarris v. County of Delaware,* 465 F.3d 129, 135 (3d Cir.2006); *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (ordinarily, "[q]ualified immunity represents the norm") (internal quotation marks and citations omitted). Nonetheless, in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that, in light of the immunity historically accorded prosecutors at common law, state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role. *Id.* at 427, 431, 96 S.Ct. 984. This protection is "not grounded in any special esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself." *Kalina v. Fletcher,* 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997) (internal quotation marks and citations omitted). This court has since amplified that "participation in court proceedings and other conduct intimately associated with the judicial phases of litigation" are "actions performed in a quasi-judicial role." *Carter v. City of Philadelphia,* 181 F.3d 339, 356 (3d Cir.1999) (internal quotation marks and citations omitted). We have given as other examples of prosecutorial actions that warrant absolute immunity, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State[.]" *Yarris,* 465 F.3d at 135 (internal quotation marks and citations omitted); *McArdle v. Tronetti,* 961 F.2d 1083, 1085 (3d Cir.1992) (holding that prison physician and prison counselor were absolutely immune as to their testimony in court and psychiatric reports to the judge, as that was an "integral part of the judicial process").

*See also Thomas v. Barker*, 371 F.Supp. 2d 636 (M.D. Pa. 2005).

We further find that Defendant Cumberland County Probation Officer Minium is entitled to quasi-judicial immunity with respect to Plaintiff's stated claims against her to the extent she was

performing "adjudicatory" duties. *See McBride v. Cahoone*, 820 F.Supp.2d 623, 637 (E.D. Pa. 2011)("Under Third Circuit law, probation officers and parole officers enjoy 'quasi-judicial' immunity when engaged in 'adjudicatory' duties.")(citing *Harper v. Jefferies*, 808 F.2d 281, 284 (3d Cir. 1986)). However, "when a probation officer acts without discretion and performs a purely mandatory function, he is not immune from the consequences of his actions." *Id*.(citation omitted). We find that Plaintiff's allegations against Defendant Minium, for the most part, were not adjudicatory actions and thus the doctrine of quasi-judicial immunity does not apply. *See McBride v. Cahoone*, 820 F.Supp.2d 637-38. Regardless, as discussed above, we find that Plaintiff's constitutional claims against Defendant Minium are barred by *Heck*.

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile or inequitable to Defendants. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based upon the above discussion, we find that the Court should not allow Plaintiff to amend his Complaint with respect to his claims against all three Defendants since we find it would be futile. *See Heck, supra; Williams*, *supra; Preiser, supra; Stump, supra; Imbler, supra*.

**VII. Recommendation.**

Based on the above, it is respectfully recommended that Plaintiff's Complaint (**Doc. 1**) against all three Defendants be dismissed with prejudice. It is also recommended that Plaintiff's in forma pauperis Motions (**Docs. 5 and 6**) be granted solely for the purpose of filing this action.

           **s/ Thomas M. Blewitt**
           **THOMAS M. BLEWITT**
           **United States Magistrate Judge**

**Dated: November 19, 2012**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT JOHN SHREVE, | : | CIVIL ACTION NO. **1:CV-12-2128** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| AMY S. MINIUM, *et al.*, | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 19, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

          **s/ Thomas M. Blewitt**
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**

**Dated: November 19, 2012**